UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMMY BOWMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEXFORD OF INDIANA, LLC., et al. )<br>)<br>Defendants. ) | No. 1:19-cv-04603-SEB-MJD |

**Order Denying Motion for Court Order**

Plaintiff Timmy Bowman filed a motion for the court to order Wexford of Indiana, LLC to provide him with his medication. Dkt. 10. The defendants responded to that motion and Mr. Bowman has not replied. Because Mr. Bowman asks for an order directing the defendants to take affirmative action, it is treated as a motion for a preliminary injunction. So treated, the motion is **denied**.

**I. Statement of Facts**

In support of his motion, Mr. Bowman asserts that the defendants have denied him Warfarin, causing him pain and putting his life in danger.

Warfarin is an FDA-approved medication used to treat and prevent blood clots. Dkt. 30-1 ¶ 6. The dosage of Warfarin is often monitored and can be adjusted in order to meet the target international normalized ratio ("INR") score. *Id.* The INR is a calculation used to monitor individuals who are being treated with blood-thinning medication, such as Warfarin. *Id.* The desired range of the INR score is typically between 2.0 and 3.0, and if the score does not fall within this range, the dose is typically adjusted. *Id.* If the INR score is over 4.0, it is considered too high and the dosage of the medication can be withheld in order to stabilize the INR score. *Id.* Warfarin

can interact with diet, other prescription medication, weight loss or weight gain, and excessive alcohol use. *Id.* ¶ 7. The risk of bleeding is minimized by regularly monitoring the INR and ensuring the patient understands the action of Warfarin. *Id.*

Mr. Bowman's INR score has been routinely monitored to ensure that he receives the appropriate dosage of Warfarin. *Id.* ¶ 8. On February 20, 2020, Mr. Bowman had an active prescription for Warfarin 9 mg daily. Dkt. 30-2 p. 1. On February 21, 2020, medical provider Sheri Wilson decided to hold Mr. Bowman's next two doses of Warfarin and adjust the amount to 7 mg daily to begin on February 23, 2020 because Mr. Bowman's INR score was greater than 5. *Id.* p. 2. There were times in March 2020 that Mr. Bowman did not appear at the medication window to receive his medication. Dkt. 30-1 ¶ 11. However, due to the ongoing safety concerns surrounding the COVID-19 pandemic, all offenders, including Mr. Bowman, now receive their medications cell-side in order to minimize the possible spread of the disease. *Id.* ¶ 12. On March 9, 2020, Mr. Bowman's prescription was adjusted to 8 mg daily for three months. Dkt. 30-2 p. 3-4. Mr. Bowman continues to receive Warfarin daily. Dkt. 30-1 ¶ 13; dkt. 30-2 p. 5-6.

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then

proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

The evidence before the Court reflects that, while there may have been occasions in March of this year that Mr. Bowman did not receive his Warfarin, he is now receiving it daily. Because of the COVID-19 pandemic, it is being delivered to his cell. Because Mr. Bowman is currently receiving his medication, he cannot show that he will suffer irreparable harm without the injunctive relief he seeks or that traditional legal remedies would be inadequate. He therefore cannot satisfy the threshold requirements for injunctive relief.

### III. Conclusion

For the foregoing reasons, Mr. Bowman is not entitled to injunctive relief. His motion for the Court to order Wexford to provide him with medication, dkt. [10], is therefore **denied**.

**IT IS SO ORDERED.**

Date: _____7/6/2020_____

_____Sarah Evans Barker_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMMY BOWMAN
251961
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel