UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMMY BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-04603-SEB-MJD |
| | ) |
| WEXFORD OF INDIANA, LLC., et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motions for Summary Judgment and Directing Further Proceedings**

Plaintiff Timmy Bowman, an Indiana inmate, alleges in this civil rights action that he suffers from painful recurring hematomas, which defendant Dr. Talbot refused to treat. He also alleges that defendant Wexford of Indiana, LLC, had established a practice which resulted in administrative and nursing staff denying and delaying medications.[1] Dkt. 11. Finally, Mr. Bowman alleges that defendants Captain Mason, Lieutenant Ernest, Grievance Specialist Conyers, and Officers Stone and Johnson (the "State Defendants") knew that he was not receiving treatment but hindered his medical care. The Medical Defendants and Mr. Bowman seek summary judgment on his claims. As explained below, because Mr. Bowman has already litigated these claims against the Medical Defendants, the motions for summary judgment are denied as moot as to those claims and parties are directed to show cause why these claims should not be dismissed. In addition, the record before the Court demonstrates that the State Defendants are entitled to summary judgment on Mr. Bowman's claims, and Mr. Bowman is directed to show cause why summary judgment should not be entered in their favor.

---

[1] Dr. Talbot and Wexford are referred to as the Medical Defendants.

## I. Claims Against the Medical Defendants

When Mr. Bowman initially filed this lawsuit, the Court found it to raise claims substantially similar to those raised in *Bowman v. Wexford of Indiana, LLC, et al.*, 1:19-cv-4403-TWP-DML ("*Bowman I*").[2] Dkt. 3. The Court therefore transferred the complaint to that case and closed this one. *Id.* Mr. Bowman sought clarification, explaining his intention to pursue this action separately, and the Court permitted him to do so. Dkt. 6. Now that the claims have been fully briefed, however, the Court again concludes that his claims are substantially the same as those that were litigated in *Bowman I*.

The doctrine of *res judicata* bars a claim that was "litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

"[T]he test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (cleaned up). *Res judicata* "bars not only claims actually decided in a prior suit, but also all other claims that could have been brought in that suit." *Thompson v. Bd. of Educ. of City of Chicago*, 790 F. App'x 811, 814 (7th Cir. 2019) (citing *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008)). Mr. Bowman's claims in *Bowman I* were that the medical defendants "failed to treat him for his high blood pressure, brain aneurism, tumor, or blood clot in his head." *Bowman I*, dkt. 105 at 1. Those claims were based largely on Dr. Talbot's management of Mr. Bowman's Coumadin prescription and blood pressure. *Id.* at 4-11.

---

[2] The Court may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011).

A review of the summary judgment filings in this case reveals that the main thrust of Mr. Bowman's claims in this action are based on the same facts – specifically his Coumadin prescription and treatment for his blood pressure during 2018 and 2019. Mr. Bowman also alleges in this case that Dr. Talbot failed to properly treat his painful hematomas. But he alleges that the hematomas were caused by the failure to provide him with adequate blood thinning medication— a claim that could have been brought in the prior action. Next, this case involves the same parties – Dr. Talbot and Wexford – as those in *Bowman I*. And the *Bowman I* Court reached a final judgment on the merits. Accordingly, Mr. Bowman will be directed to show cause why his claims against the Medical Defendants should not be dismissed as barred by *res judicata*.

## II. Claims Against the State Defendants

Mr. Bowman alleges that the State Defendants knew that he was not receiving his medications or necessary treatment but hindered his medical care. Mr. Bowman seeks summary judgment on these claims.

### A. Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

**B. Facts**

Mr. Bowman submitted several grievances regarding his claims that he was receiving inadequate medical care. Dkt. 63-1 at 490-595. When Ms. Conyers, the facility grievance specialist, received those grievances, she sent them to the medical providers, as required by policy. Dkt. 107-1 ¶ 6. Mr. Bowman also complained to defendants Ernest, Johnson, Mason, and Stone, but these prison officials do not process medical requests. Dkt. 107-2 ¶ 5; dkt. 107-3 ¶ 5; 107-4 ¶ 5; dkt. 107-5 ¶ 5. To the contrary, when making medical requests, inmates are expected to present them to medical staff. *Id.* These defendants did not prevent Mr. Bowman from doing so. Dkt. 107-2 ¶ 6; dkt. 107-3 ¶ 6; dkt. 107-4 ¶ 6; dkt. 107-5 ¶ 6.

**C. Discussion**

Non-medical prison officials may generally rely on the expertise of medical personnel regarding an inmate's medical treatment. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). Non-medical officials can be deliberately indifferent if they have reason to believe that that prison doctors are ignoring or mistreating a prison, but mere negligence in failing to identify misconduct is insufficient. *Id.* Instead, the plaintiff must demonstrate that his communication to officials gave them sufficient notice to alert them to an excessive risk to the inmate's health. *Id.* Here, another court has already determined that the Medical Defendants were not deliberately indifferent to Mr. Bowman's serious medical needs. *See Bowman I*, dkt. 105. And while Mr. Bowman complained to correctional officers about his medical treatment, he has not pointed to specific communications to them that would give them notice that the Medical Defendants were putting him at excessive risk. He is therefore not entitled to summary judgment on his claims against the State Defendants. In fact, the evidence before the Court shows that the State Defendants are entitled to summary judgment.

### III. Conclusion

As discussed above, Mr. Bowman's claims against the Medical Defendants are barred by the doctrine of *res judicata*. Accordingly, Mr. Bowman's and the Medical Defendants' motions for summary judgment, dkt. [58], and dkt. [62], are **denied as moot** as to these claims.

Next, Mr. Bowman has not shown his entitlement to summary judgment on his claims against the State Defendants. His motion for summary judgment, dkt. [62], is therefore **denied** as to those claims. In fact, the current record before the Court shows that the State Defendants are entitled to summary judgment on Mr. Bowman's claims. Therefore, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the Court gives notice of its intent to grant summary judgment in the State Defendants' favor.

Mr. Bowman shall have **through April 22, 2022**, in which to show cause why his claims against the Medical Defendants should not be dismissed as barred by *res judicata* and why the State Defendants are not entitled to summary judgment on his claims against them. The defendants shall have **fourteen days** to respond to Mr. Bowman's response.

Date: 3/22/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMMY BOWMAN
251961
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel